COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-189-CR

 

 

KEVIN CECIL ROBINSON                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 43RD
DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Upon his open plea of guilty, the trial court
found Appellant Kevin Cecil Robinson guilty of the manufacture of 400 grams or
more of methamphetamine and sentenced him to thirty years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice and a fine of $10,000.  Appellant
brings three points on appeal, arguing that the trial court abused its
discretion during the punishment phase by overruling his objections to the
prosecutor=s questions of Appellant's
mother and Appellant's niece and that the cumulative effect of the two alleged
errors mandates a new trial on the issue of punishment.  Because we hold that the trial court did not
abuse its discretion, we affirm the trial court=s
judgment.

In the State=s
cross-examination of Appellant's mother, Annie Robinson, during the punishment
phase, she testified about his background. 
The State asked her about Appellant's requests for her assistance while
he was on probation for an earlier offense. 
Appellant objected to the question as not relevant, and the trial court
overruled the objection.  As the State
points out, just prior to the objected-to question, the following exchange
occurred:

[Prosecutor]:  [D]o you believe that you did everything
[Appellant] asked you to do to help him to try to successfully complete that
probation?  If he asked you for something
were you willing to help him?

 

[Mrs. Robinson]:  Yes.

 

[Prosecutor]:  If he needed a ride to the probation office,
did you give it to him?

 

[Mrs. Robinson]:  Yes.

 

[Prosecutor]:  If he needed maybe some money to pay for [a]
probation fee or drug testing fee, did you help him financially?

 

[Mrs. Robinson]:  I would help him when I could, and then he
would pay me back when he got his check.








This exchange occurred without objection.

Appellant's niece, Tonya Dilley, also testified
on his behalf.  On cross-examination, the
prosecutor asked her whether the court should consider as a sentencing factor
the fact that a person had only received probation, rather than jail time, for
a prior felony.  Appellant objected that
the question called for irrelevant evidence and speculation.  The trial court overruled the objections.
Dilley did not answer the question.

We review the admission of evidence for an abuse
of discretion.[2]  The Texas Court of Criminal Appeals has made
it clear that a general relevance objection at trial is a general objection
that does not preserve a complaint regarding inadmissible extraneous acts of
misconduct.[3]  Also, Mrs. Robinson's testimony was
cumulative of similar testimony admitted without objection,[4]  and Dilley's testimony did not include an
answer to the question objected to.[5]









It must also be remembered that this was a bench
trial, not a jury trial.  When the judge
is the trier of fact, the questions have less influence than in a jury
trial.  Additionally, at punishment,
wider latitude is afforded to both sides. 
The defense is allowed to offer in mitigation evidence that goes beyond
that which is relevant to guilt.[6]  Similarly, the State is allowed to show
extraneous acts of misconduct, gang affiliation, criminal history, and other
matters to guide the trier of fact in assessing an appropriate punishment.[7]

Consequently, we hold that the trial court did
not abuse its discretion by allowing the complained-of questions.  We overrule Appellant=s three
points and affirm the trial court=s
judgment.

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL B:   DAUPHINOT, WALKER, and MCCOY, JJ. 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  April 20, 2006











[1]See Tex. R. App. P. 47.4.





[2]Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh=g).





[3]Medina v. State,
7 S.W.3d 633, 643 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1102
(2000) (citing Camacho v. State, 864 S.W.2d 524, 533 (Tex. Crim. App.
1993), cert. denied, 510 U.S. 1215 (1994)).





[4]See Leday
v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).





[5]See Denton
v. State, 896 S.W.2d 580, 584 (Tex. App.CFort Worth 1995) (AQuestions are not evidence.@), rev=d
on other grounds, 920 S.W.2d 311
(Tex. Crim. App. 1996).





[6]Taylor v. State,
970 S.W.2d 98, 102 (Tex. App.CFort Worth 1998, pet. ref=d).





[7]See Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a)(1)
(Vernon Supp. 2005).